**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

UNITED STATES OF AMERICA,

    -against-

GEORGE CEKAJ,

    Defendant.

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: APR 12 2021

MEMORANDUM DECISION
AND ORDER

12 Crim. 600-10 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant George Cekaj, *pro se*, moves for compassionate release and reduction of his sentence pursuant to 18 U.S.C § 3582(c)(1)(A), in light of his age, his medical conditions, and the COVID-19 pandemic. (*See* Letter Motion for Compassionate Release dated October 12, 2020 ("Def. Mot."), ECF No. 294; Letter dated February 22, 2021 ("Reply Letter"), ECF No. 301.) Defendant is currently serving a sentence of 151 months' imprisonment for conspiracy to distribute narcotics. (J. in a Crim. Case, ECF No. 145.) Defendant's projected release date is March 30, 2024. Defendant argues that his medical conditions—diabetes, obesity, high cholesterol, neurologic disorder, former smoking status, chronic pancreatitis, Vitamin D deficiency, and chronic depression—put him at an increased risk from COVID-19 and therefore constitute an extraordinary and compelling circumstance to justify release. (Def. Mot. at 6–8.) The Government opposes Defendant's motion. (Letter dated February 15, 2021 ("Gov't Opp'n"), ECF No. 300.)

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Any such reduction must also be "consistent with applicable policy

statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence, which broadly relate to the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)–(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease"). In this case, Defendant argues that his age, the conditions at FCI Allentown, and his medical conditions demonstrate an extraordinary and compelling reason for his release. (Def. Mot. at 6–8.)

Defendant suffers from a variety of medical conditions, including diabetes, obesity, high cholesterol, a neurologic disorder affecting his lower back and right shoulder, chronic pancreatitis, Vitamin D deficiency, and chronic depression. (Def. Mot. at 6; Reply Letter at 4.) Additionally, Defendant has a history of smoking two to three packs of cigarettes per day for 45 years. (Def. Mot. at 6.) The CDC has identified obesity, diabetes, and smoking as increased risk factors for severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 22, 2021). The Government concedes that the Defendant's status as a former smoker renders Defendant at increased risk from Covid-19. (Gov't

Opp'n at 4.)

Defendant, however, makes few specific allegations about his experience at FCI Allenwood that would lead to the conclusion that his circumstances at this facility give rise to extraordinary and compelling reasons for release. Defendant states that "[i]t is impossible to social distance while incarcerated" and that correctional officers refuse to wear masks when interacting with prisoners. (Def. Mot. at 21.) Defendant makes many generalizations about the coronavirus in the prison system at large, including the increased rate of infection for those incarcerated. (*See* Reply Letter at 4–6.) The Government disputes Defendant's characterization of the BOP at large and FCI Allenwood, stating that both have taken steps to protect inmates and staff from COVID-19, including beginning vaccinations of prisoners. (Gov't Opp'n at 4.) The Government points to FCI Allenwood only having four inmates and no staff currently positive, as of the date of the Government's letter. (*See id.*) It is true that incarceration can lead to an increased risk of contracting COVID-19, but without more, Defendant has not presented an extraordinary and compelling reason for his release.

More importantly, the 3553(a) sentencing factors strongly counsel against Defendant's release. Defendant contends that this instant conviction is not one of violence. (Reply Letter at 1.) However, Defendant distributed large quantities or narcotics, possessed firearms, and threatened violence in the past. (*See* Gov't Opp'n at 2, 4.) At sentencing, this Court stated that Defendant's "criminal history and history of violence . . . has not been affected by his age or been abated by the long prison sentences he has received in the past for his offenses." (April 17, 2013 Sentencing Tr., ECF No. 136, at 13.) Given Defendant's history of criminal conduct, reducing his sentence would undermine the gravity of the offense and the need for deterrence. *See United States v. Hawkins*, No. 16-CR-189 (JMA), 2021 WL 40206, at *2 (E.D.N.Y. Jan. 5, 2021).

3

Defendant's motion for compassionate, (ECF No. 294), is DENIED. The Clerk of the Court is directed to close the motion accordingly.

Dated: April 12, 2021
      New York, New York

                                          SO ORDERED.

                                          GEORGE B. DANIELS
                                          United States District Judge