**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x

UNITED STATES OF AMERICA,

    -against-

GEORGE CEKAJ,

    Defendant.

------------------------------------x

<u>MEMORANDUM DECISION</u>
<u>AND ORDER</u>

12 Crim. 600-10 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant George Cekaj moves, *pro se*, for the third time to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of the limited time remaining on his sentence and the "[d]isparity in [s]entencing" compared to other defendants who were "convicted of serial acts of murder." (*See* Motion ("Mot."), ECF No. 318, at 1.) Defendant is currently serving a sentence of 151 months' imprisonment for conspiracy to distribute narcotics. (Judgment, ECF No. 145.) Defendant's projected release date is November 10, 2023, and his home detention eligibility date was May 10, 2023. (*See* Mot. at 1.)

Defendant filed his first motion for compassionate release and reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on October 12, 2020, citing his age, medical conditions, conditions of confinement, and the COVID-19 pandemic. (*See* ECF No. 294.) This Court denied the motion on April 12, 2021. (*See* ECF No. 304.) Defendant then filed his second motion on December 20, 2021. (*See* ECF No. 310.) This Court denied that motion on June 26, 2023, finding that Defendant's changed conditions since his first motion did not constitute extraordinary and compelling reasons to warrant a sentence reduction. (*See* ECF No. 317, at 2.)

Under Section 3582(c)(1)(A), courts can reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and such a reduction is

consistent with the applicable policy statements issued by the Sentencing Commission . . . ."[1] 18 U.S.C. § 3582(c)(1)(A).

Defendant has failed to demonstrate extraordinary and compelling reasons that warrant a reduction of his sentence. Cekaj claims that, without compassionate release or a sentence reduction, he would receive a harsher sentence than other defendants who were convicted of multiple murders and who were granted compassionate release (*see* Mot. at 1–2), but the examples Defendant cites are not analogous. Unlike Cekaj, the defendants in those cases showed that their particular circumstances provided extraordinary and compelling reasons warranting early release. *See, e.g., United States v. Ramsay*, 538 F. Supp. 3d 407, 410 (S.D.N.Y. 2021) (18-year-old offender sentenced to a mandatory term of life in prison).

Cekaj also argues that his designation as a career offender pursuant to Section 4B1.1 of the Sentencing Guidelines "overstates his criminality" and that he would not qualify for the career offender sentencing enhancement if he were sentenced today. (Mot. at 3, 5). This is incorrect. The Second Circuit has held that "the Sentencing Commission had the authority to include inchoate offenses within the definition of [a] controlled substance offense" in the career offender analysis, thus rendering Cekaj's career offender designation proper. *United States v. Richardson*, 958 F.3d 151, 155 (2d Cir. 2020) (citation omitted). In addition, this Court did not only rely on the Career Offender designation for sentencing, but also noted that "Cekaj has had consistent criminal history and history of violence since he was 17 years old, and it has not been affected by

---

[1] A court may not modify a term of imprisonment until a defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). As Cekaj's release date is soon approaching, the Government does not oppose the motion on the ground that Cekaj failed to exhaust administrative remedies. (ECF No. 321, at 3 n.2.)

his age or been abated by the long prison sentences he has received in the past for his offenses." (Sentencing Transcript, ECF No. 136, at 13.)

Section 3582(c)(1)(A) "permits a district court to end its analysis if it determines that extraordinary and compelling reasons for granting the motion are absent." *United States v. Jones*, 17 F.4th 371, 374 (2d. Cir. 2021); *accord United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). For the reasons stated above, Defendant has failed to demonstrate extraordinary and compelling reasons for granting the motion. Accordingly, Defendant's third motion to reduce his sentence is DENIED.

The Clerk of Court is directed to close the motion (ECF No. 318) and mail a copy of this decision to Defendant.

Dated: October 19, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge